UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN COONAN,

        Plaintiff,

        v.                                                Case No. 26-cv-0150-bhl

NATHAN HAYNES,
NICKOLAS REDEKER,
JUSTIN LANDAAL,
JOHNATHAN BUSSIE,
EMILY DAVIDSON, and
CINDY O'DONNELL,

        Defendants.

## SCREENING ORDER

    Plaintiff Brian Coonan, who is currently serving a state prison sentence at McNaughton Correctional Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On January 28, 2026, Coonan paid the $405 civil case filing fee. On February 18, 2026, this case was reassigned from Magistrate Judge Nancy Joseph to the undersigned. This matter comes before the Court to screen the complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It

must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Coonan, he was previously incarcerated at Oakhill Correctional Institution, where he enjoyed work release privileges. In August 2025, Coonan was transferred to the John C. Burke Correctional Center. During an off-site review on September 30, 2025, he was informed that his work-release privileges had been withdrawn by Warden Nickolas Redeker. Coonan asserts that the withdrawal of his work release privileges violates his rights under the Constitution and state law. Coonan explains that he did not violate any rules, so withdrawal of his privileges without notice or reason is not permitted. He also asserts that he filed an inmate complaint about this issue, which was dismissed and that the dismissal was later affirmed.

## THE COURT'S ANALYSIS

The Seventh Circuit explained long ago that "prisoners possess neither liberty nor property [interests] in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 213 (7th Cir. 1992). Moreover, while "[a] state may give inmates more than the Constitution demands [by] creating liberty or property [interests] through rules, . . . only a rule creating entitlements establishes such an interest." *Id.* Rules and regulations that set forth "necessary but not sufficient conditions" merely establish eligibility; they do not confer an entitlement. *Id*. at 213. To state it more plainly, prisoners do not

2

have a liberty interest in being placed in a particular institution or in being placed in a work release program at a particular institution. *Id.*; *Taylor v. Edgar*, 52 F. App'x 825, 826 (7th Cir. 2002) (explaining that rules regarding placement in a work release program "establish no more than eligibility for such placement, and eligibility itself does not confer an entitlement").

It appears that Coonan believes that the foregoing legal principle applies only to initial placement and that, once placed, he enjoys a protected liberty interest in continuing in the program irrespective of his transfer to a different institution. But Wis. Stat. §DOC 324.05(3) states that "[t]he inmate shall be approved for work or study release status by the warden . . . ." And Coonan offers no explanation of why the exercise of discretion of a warden at one institution is constrained by the exercise of discretion of a warden at a different institution. Indeed, Wis. Stat. §DOC 324.13(4) requires wardens to "conduct a preliminary review" of inmates in the work release program and empowers them to "take any action with reference to the inmate considered necessary for the protection of the public . . . ."

The Court understands Coonan's frustration and being granted work release privileges by the warden at Oakhill Correctional Center only to have those privileges withdrawn by a different warden following his transfer to the John C. Burke Correctional Center, but each warden has freedom to exercise his or her discretion however he or she sees fit. As the Seventh Circuit clarified, "[f]reedom to choose—with nary a clue about how that discretion must be exercised—means that the rules neither create liberty nor property." *DeTomaso*, 970 F.2d at 213. In short, because Coonan did not have a liberty or property interest in staying at the institution where he enjoyed work release privileges or in being placed into the work release program at the new institution to which he was transferred, he fails to state a claim on which relief can be granted based on allegations that his work release privileges were withdrawn after he was transferred.

The norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Coonan believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **March 27, 2026**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Coonan's

3

failure to state a claim in his original complaint. If Coonan does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that on or before **March 27, 2026**, Coonan may file an amended complaint if he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Coonan a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Coonan is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 27th day of February, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge