BRIAN COONAN,

        Plaintiff,

        v.                                Case No. 26-cv-0150-bhl

NATHAN HAYNES et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Brian Coonan, who is currently serving a state prison sentence at McNaughton Correctional Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On February 27, 2026, the Court screened the complaint and after concluding it failed to state a claim, gave Coonan the opportunity to file an amended complaint, which he did on March 24, 2026. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

The allegations of the amended complaint are substantively identical to the allegations in the original complaint. According to Coonan, he was previously incarcerated at Oakhill Correctional Institution, where he enjoyed work release privileges. In August 2025, Coonan was transferred to the John C. Burke Correctional Center. During an off-site review on September 30, 2025, he was informed that his work-release privileges had been withdrawn by Warden Nickolas Redeker. Coonan asserts that the withdrawal of his work release privileges violates his rights under the Constitution and state law. Coonan explains that he did not violate any rules, so withdrawal of his privileges without notice or reason is not permitted. He also asserts that he filed an inmate complaint about this issue, which was dismissed and that the dismissal was later affirmed.

## THE COURT'S ANALYSIS

The Court already informed Coonan that, per the Seventh Circuit, "prisoners possess neither liberty nor property [interests] in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 213 (7th Cir. 1992). Moreover, while "[a] state may give inmates more than the Constitution demands [by] creating liberty or property [interests] through rules, . . . only a rule creating entitlements establishes such an interest." *Id.* Rules and regulations that set forth "necessary but not sufficient conditions" merely establish eligibility; they do not confer an entitlement. *Id*. at 213. To state it more plainly, prisoners do not have a liberty interest in being placed in a particular institution or in being placed in a work release program at a particular institution. *Id.*; *Taylor v. Edgar*, 52 F. App'x 825, 826 (7th Cir. 2002) (explaining that rules regarding placement in a work release program "establish no more than eligibility for such placement, and eligibility itself does not confer an entitlement").

As in the original complaint, Coonan argues in his amended complaint that, even though there is no protected interest in being *placed* in a work release program, there is a protected interest in *continuing* in a program. Coonan relies on two district court cases from more than forty years ago to support this argument. But since the cases relied on by Coonan were decided, the Supreme Court has shifted its analysis of whether a state-conferred right is cognizable under the Fourteenth Amendment from an examination of the specific language of guidelines, regulations, and state laws to an evaluation of the nature of the deprivation.

2

Specifically, under *Sandin v. Conner*, state-created liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 483 (1995). And, as explained in the original screening order, with the shift in focus to the nature of the deprivation rather than on the particular language of a state statute, courts have consistently concluded that prisoners have no protected liberty interest in remaining in a work release program. *See Hinton v. Wells*, No. 06-cv-0549, 2006 WL 3192381, at *4 (W.D. Wis. Nov. 1, 2006); *Hoffman v. Knoebel*, No. 14-cv-0012, 2017 WL 1035933 (S.D. Ind. March 17, 2017); *White v. Steuben Cnty., Ind.*, No. 11-cv-0019, 2011 WL 4496504, at *6 (N.D. Ind. Sept. 27, 2011) (citing cases). Accordingly, for the reasons explained in the original screening order and this order, Coonan fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31st day of March, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

3

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

4