---

BRIAN COONAN,

        Plaintiff,

        v.                                        Case No. 26-cv-0150-bhl

NATHAN HAYNES et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Brian Coonan is representing himself in this 42 U.S.C. §1983 case. On February 27, 2026, the Court screened the complaint and, after concluding it failed to state a claim on which relief could be granted, gave Coonan the opportunity to file an amended complaint. Dkt. No. 6. Coonan filed an amended complaint on March 24, 2026, that was substantively identical to the original complaint. The Court screened the amended complaint on March 31, 2026, and dismissed this action based on Coonan's failure to state a claim in the amended complaint. Dkt. No. 8.

On April 30, 2026, Coonan filed a combined motion to alter or amend the judgment and for leave to file a second amended complaint. Coonan asserts that his proposed second amended complaint addresses the reasons the Court dismissed the amended complaint. The Court has reviewed his latest proposed pleading, and the factual allegations remain unchanged from those in his original and amended complaints. In violation of Fed. R. Civ. P. 8, Coonan includes legal argument within his proposed second amended complaint to register his disagreement with the Court's analysis in its screening orders.

Under Fed. R. Civ. P. 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment.[1] A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). A manifest error of law "is not demonstrated by the disappointment of the losing party. It is the 'wholesale

---

[1] The postmark on the envelope in which the motion was mailed is April 27, 2026.

disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Coonan does not identify newly discovered evidence or a manifest error of law. He relies on cases from the Second Circuit to argue that a prisoner has a protected liberty interest in remaining in a work release program. But, as explained in both screening orders, Courts in *this* circuit have consistently held that prisoners have *no* protected liberty interest in remaining in a work release program. Dkt. No. 8 at 3. The Court is located in the Seventh Circuit and is not bound by Second Circuit precedent. Neither out-of-circuit caselaw nor Coonan's disagreement with the Court's analysis are a sufficient basis to grant his Rule 59(e) motion.

**IT IS THEREFORE ORDERED** that Coonan's combined motion to alter or amend the judgment and for leave to file a second amended complaint (Dkt. No. 10) is **DENIED**.

Dated at Milwaukee, Wisconsin this 4th day of May, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge